IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| ASHLEY FRIEND, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, | * | No. 3:17CV00011-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Ms. Friend has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because she could perform work that exists in significant numbers in the national economy. (Tr. 22-33.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young – she was thirty-five years old at the time of the administrative hearing. (Tr. 52.) She is a high school graduate, (Tr. 53), and has past relevant work as a phlebotomist. (Tr. 31.)

The ALJ[1] found Ms. Friend had not engaged in substantial gainful activity since January 1, 2006 - the alleged onset date. (Tr. 24.) She has a "severe" impairment in the form of generalized anxiety disorder. (*Id.*) The ALJ further found Ms. Friend did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 25-26.)

The ALJ determined Ms. Friend had the residual functional capacity to perform a full range of work at all exertional levels but was restricted to work where "interpersonal contact is limited.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

. . and interaction with the public is infrequent and not considered to be an essential job duty; the complexity of tasks can be learned by demonstration and repetition within 30 days, with few variables and little judgment; and the supervision required is simple, direct, and concrete." (Tr. 26-27.)   He determined Plaintiff could no longer perform her past relevant work, (Tr. 31), so he utilized the services of a vocational expert to determine if other jobs existed that Plaintiff could perform, despite her impairment.  (Tr. 63-65.)   Based on the testimony of the vocational expert, the ALJ determined Ms. Friend could perform the jobs of commercial laundry worker and hand packer.  (Tr. 32.)   Accordingly, the ALJ determined Ms. Friend was not disabled.   (Tr. 33.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.   (Tr. 1-4.)   Plaintiff filed the instant Complaint initiating this appeal.   (Doc. No. 2.)

In support of her Complaint, Ms. Friend argues the ALJ incorrectly determined her migraine headaches were not "severe."   (Doc. No. 11 at 31-32.)   The ALJ analyzed Ms. Friend's migraines, and concluded she was only using over-the-counter medications, she reported she was previously able to function with them, and did not seek urgent treatment for headaches at any time during the period at issue.  (Tr. 25.)  He stated, "Nonetheless, the undersigned notes that the limitations of the residual functional capacity as detailed below also accommodate symptoms of migraines that the claimant may experience."   (*Id*.)

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities.  *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007).   It has "more than a minimal effect on the claimant's ability to work."   *Hudson v. Bowen*, 870 F.2d at

1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a)  *Non-severe impairment(s).*  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b)  *Basic work activities.*  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)  Capacities for seeing, hearing, and speaking;
> (3)  Understanding, carrying out, and remembering simple instructions;
> (4)  Use of judgment;
> (5)  Responding appropriately to supervision, co-workers and usual work situations; and
> (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

The record reveals Ms. Friend has been diagnosed with migraine headaches.  (Tr. 318.) But, as the Commissioner correctly points out in her brief, a diagnosis does not automatically establish it as a "severe" impairment.  *See Gowell v. Apfel*, 242 F.3d 793, 797 (8th Cir. 2001).

Plaintiff makes a fair point that the ALJ may have engaged in some "selective reading" of the treatment records from Alison L. Green, M.D.  But, based on the overall record in this case, the ALJ could rightly conclude that Plaintiff's migraines do not significantly limit her ability to perform work related activities. Plaintiff's diagnostic tests showed no irregularity.  (Tr. 835.) And the evidence supports the ALJ's conclusion that prescription medication helped mitigate the effects of Ms. Friend's migraines.   Therefore, I find no reversible error on this point.

I have also carefully considered the ALJ's residual functional capacity assessment and find no error.  Plaintiff makes a compelling point regarding the consultative Mental Diagnostic Evaluation performed by Catherine Hubbard Adams, Ph.D.  (Tr. 944-948.)  But the ALJ

4

correctly concluded that Dr. Adams relied heavily on Plaintiff's subjective complaints.  For this reason, the ALJ could discount her opinions.

Ms. Friend is clearly limited by her anxiety disorder.  However, after carefully considering the ALJ's opinion, the medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

I am sympathetic to Ms. Friend's claims.  Plaintiff's counsel has done an admirable job advocating for Ms. Friend's rights in this case, but I am unable to find reversible fault in the ALJ's opinion.  The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing the jobs of commercial laundry worker and hand packer.  In coming to this conclusion, the ALJ considered the medical records and the opinions from medical professionals.  And in his opinion, the ALJ fairly set out the rationale for his conclusions.

Plaintiff has advanced other arguments I have considered and find are without merit.  It is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 21st day of June, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE